PHILLIP J. HAACK (262060)
phaack@martonribera.com
RYAN J. MARTON (223979) (*pro hac vice* forthcoming)
ryan@martonribera.com
MARTON RIBERA SCHUMANN & CHANG LLP
548 Market Street, Suite 36117
San Francisco, CA 94104
Tel.: (415) 360-2511

Attorneys for ZOHO CORPORATION PVT. LTD.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ZOHO CORPORATION PVT. LTD.,<br><br>Movant,<br><br>v.<br><br>TRUSTWRX, INC.,<br><br>Respondent. | Case No. 1:26-at-03838<br><br>Underlying Action: *Knossos Glob. Sys. LLC v. Zoho Corp. Pvt. Ltd.*, 2:25-cv-00414 (E.D. Tex.)<br><br>**ZOHO CORPORATION PVT. LTD.'S MOTION TO COMPEL THIRD-PARTY TRUSTWRX, INC.'S COMPLIANCE WITH SUBPOENAS**<br><br>Judge: ____________<br><br>Hearing Date: ____________<br>Hearing Time: ____________<br>Courtroom: ____________ |

## NOTICE OF MOTION AND MOTION TO COMPEL

**PLEASE TAKE NOTICE** that on ____________ at ____________, at the Robert T. Matsui Federal Courthouse, located at 501 I St., 2nd Floor, Sacramento, CA 95814, in courtroom ____________, Zoho Corporation Private Limited ("Zoho") moves the District Court for the Eastern District of California to compel compliance with the Subpoena to Produce Documents (Ex. B) and the Subpoena to Testify at a Deposition (Ex. C) served via the registered agent for TrustWrx, Inc. ("TrustWrx") on September 21, 2026. The Subpoenas were issued in support of a civil action filed in the United States District Court for the Eastern District of Texas, *Knossos Global Systems LLC v. Zoho Corp. Pvt. Ltd.*, 2:25-cv-00414 (E.D. Tex.) (the "Underlying Action"). A date and time at which this motion in this miscellaneous action will be heard are yet to be determined. As explained in the attached Brief, Zoho seeks information about TrustWrx's interest in and activities involving the patents asserted against Zoho in the Underlying Action. For the reasons set forth in Zoho's Brief in Support, the Court should compel TrustWrx to produce documents and sit for a deposition in this matter.

Dated: November 2, 2026

Respectfully submitted,

MARTON RIBERA SCHUMANN & CHANG LLP

By: */s/ Phillip J. Haack*
Phillip J. Haack

Attorneys for Movant
ZOHO CORPORATION PVT. LTD.

# BRIEF IN SUPPORT OF MOTION TO COMPEL

## I. INTRODUCTION

Zoho Corporation Private Limited ("Zoho") has been sued for patent infringement in the Eastern District of Texas by a non-practicing entity, Knossos Global Systems LLC ("Knossos").

TrustWrx, Inc. ("TrustWrx") has a financial interest in the outcome of Knossos's case against Zoho. TrustWrx's subsidiary, Anon-X, Inc. ("Anon-X"), is the predecessor-in-interest to Knossos and the previous owner of the patents asserted against Zoho. Anon-X has a 35% financial interest in any proceeds obtained from monetizing these patents and therefore stands to benefit itself and TrustWrx if Knossos's lawsuit is successful. Indeed, TrustWrx's bank account is listed for any monetization payments in the patent assignment agreement by which the asserted patents were assigned to Knossos. TrustWrx and Anon-X are not disinterested third parties.

Zoho issued document and deposition subpoenas to obtain information about TrustWrx's interest in and activities involving the asserted patents. TrustWrx produced two documents totaling four pages of corporate papers filed in California. TrustWrx's objections state that it has no interest in the asserted patents and no documents were located after a reasonable search. However, another third party subpoenaed by Zoho produced TrustWrx newsletters that specifically refer to the asserted patents, TrustWrx's efforts to license the patents, and the underlying lawsuit against Zoho. TrustWrx also lists the asserted patents on its own website. Although responsive and relevant, none of these materials were produced by TrustWrx.

TrustWrx has refused to make its corporate representative, George Sidman, available for a separate corporate deposition. Zoho subpoenaed Mr. Sidman individually as a named inventor of the asserted patents, and Mr. Sidman is also the corporate representative for TrustWrx and Anon-X. TrustWrx's counsel (who also represents Knossos, Anon-X, and Mr. Sidman) has refused to make Mr. Sidman available for more than one day of deposition, despite Zoho's willingness to complete three separately noticed depositions over two days. TrustWrx cannot avoid its corporate deposition obligations by insisting that three examinations be combined into one seven-hour deposition.

Zoho respectfully requests that this Court compel TrustWrx to provide a complete document production, account for its missing records, and provide the requested corporate testimony.

## II. BACKGROUND

### A. The Underlying Action

Knossos sued Zoho on April 17, 2025, alleging infringement of U.S. Patent Nos. 8,266,421 and 8,819,410 (the "asserted patents"). *Knossos Glob. Sys. LLC v. Zoho Corp. Pvt. Ltd.*, 2:25-cv-00414 (E.D. Tex.). Fact discovery closes December 4, 2026.

Knossos was formed in 2025 to acquire and monetize the asserted patents. TrustWrx's subsidiary, Anon-X, transferred the asserted patents to Knossos in March 2025, retaining a substantial financial interest in any money generated—Anon-X is entitled to 35% of revenue derived from licensing, settlements, and patent infringement assertion efforts related to the asserted patents. Ex. A, § 3.1.

The patent assignment agreement lists TrustWrx's bank account in the payment instructions for the patent assignor. Ex. A at 11.

### B. Zoho's Subpoenas to TrustWrx

On September 18, 2026, Zoho issued two subpoenas to TrustWrx: (1) a Subpoena to Produce Documents (Ex. B) and (2) a Subpoena to Testify at a Deposition (Ex. C), both designating Sacramento, California as the place of compliance. TrustWrx was served via its registered agent on September 21, 2026. Ex. J.

Zoho's document subpoena included, among others, the following requests:

| | |
|---|---|
| Request No. 6 | Any agreement assigning You any ownership interest in or license to the Patents-in-Suit, and all related agreements, drafts, and any documents showing consideration. |
| Request No. 13 | All documents related to any of the Patents-in-Suit. |
| Request No. 17 | All documents and communications concerning any license, assignment, or efforts to license or assign rights in the patents. |
| Request No. 20 | All communications with George Sidman, WebLOQ, Anon-X, or Knossos concerning the patents, their subject matter, accused Zoho products, or the litigation. |
| Request No. 24 | Documents sufficient to show any financial interest You have in the Action. |
| Request No. 29 | All documents relating to whether You, or any licensee or other person, made, used, sold, offered for sale, or marked any product or service embodying or practicing any claim of any of the Patents-in-Suit. |

Ex. B.

Zoho's deposition topics include TrustWrx's financial interest in the outcome of the underlying case and the asserted patents, ownership and assignment of the patents, licensing activities, and document-retention practices. Ex. C.

### C. TrustWrx's Inadequate Document Production

On October 7, 2026, Zoho followed up on its document subpoena and requested that TrustWrx produce responsive documents. Ex. D at 2–3. Zoho noted that TrustWrx lists the asserted patents on its website and that TrustWrx is listed on the patent assignment agreement to Knossos, which appear to be inconsistent with TrustWrx's representations in its objections. *Id.*

On October 16, 2026, TrustWrx made its only document production, which included two corporate filings with the state of California.

Another third party subpoenaed by Zoho produced TrustWrx newsletters that discuss the asserted patents, including TrustWrx's licensing of the patents and hiring of Tangible IP to sell the patents for litigation settlements. Exs. F–I. TrustWrx lists the asserted patents on its website. Ex. E at 1.

TrustWrx has not explained how it searched for responsive documents or why such documents are no longer available for production.

### D. TrustWrx's Refusal to Provide a Separate Corporate Deposition

Mr. Sidman is TrustWrx's corporate representative. Zoho independently subpoenaed Mr. Sidman for his testimony in his individual capacity as the named inventor of the asserted patents and founder of WebLOQ, Inc., the company that filed for the asserted patents and tried to commercialize them. Zoho also subpoenaed Anon-X, and Mr. Sidman is Anon-X's corporate representative. Zoho therefore seeks testimony from three distinct deponents: Mr. Sidman individually, Anon-X, and TrustWrx.

TrustWrx has refused to make its corporate representative, Mr. Sidman, available for a separate deposition. On October 5, 2026, counsel for Knossos, Anon-X, and TrustWrx stated:

> As to Mr. Sidman, we do not believe two days of deposition testimony are warranted at this time, particularly given Mr. Sidman's status as a third-party witness. We therefore plan to make Mr. Sidman available for one day, November 4. If, at the conclusion of that day, there is a genuine need for additional testimony that could not reasonably have

> been completed within the first day, we are of course willing to discuss making him available for additional time.

Ex. K at 4.[1] Zoho explained that because Mr. Sidman "is testifying as an individual inventor and in response to two separate 30(b)(6) subpoena[s] (Anon-X and Trustwrx), we are entitled to at least two days of deposition time." *Id.* at 2.

## III. LEGAL STANDARD

Rule 45 authorizes subpoenas requiring nonparties to produce responsive documents within their possession, custody, or control and to provide testimony. Fed. R. Civ. P. 45(a)(1)(A)(iii). Where a recipient objects to document production, the serving party may move the court for the district where compliance is required for an order compelling production. Fed. R. Civ. P. 45(d)(2)(B)(i). A party may obtain discovery regarding any nonprivileged matters relevant to the claims and defenses and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Rule 30(b)(6) requires an organization to designate and prepare a witness to testify concerning information known or reasonably available to the organization, and the Rule expressly provides that it "does not preclude a deposition by any other procedure allowed by these rules." Fed. R. Civ. P. 30(b)(6).

## IV. ARGUMENT

### A. <u>TrustWrx Is an Interested Third Party</u>

TrustWrx has a direct or indirect interest in the underlying litigation. Its subsidiary, Anon-X, retained a 35% financial interest in any patent monetization proceeds. Ex. A, § 3.1. And TrustWrx's bank account is listed on the Knossos patent assignment agreement for where monetization proceeds should be paid. *Id.* at 11. TrustWrx newsletters indicate that it was involved in licensing the asserted patents. Exs. F–I. TrustWrx is not a disinterested third party.

Although Rule 45 protects third parties against undue burden and significant compliance expense, TrustWrx's financial interest and historical involvement weigh in favor of requiring reasonable efforts to produce the requested records. *See Cornell v. Columbus McKinnon Corp.*, No. 13-CV-02188-SI, 2015 WL 4747260, at *5 (N.D. Cal. Aug. 11, 2015) (explaining that Rule 45 "is aimed at protecting persons who are disinterested, and thus have little to gain from their outlays in

---

[1] Knossos later agreed to make Mr. Sidman available on November 19, still for a single day.

compliance cost"); *Balfour Beatty Infrastructure, Inc. v. PB & A, Inc.*, 319 F.R.D. 277, 281 (N.D. Cal. 2017) ("Courts also consider whether the nonparty has an interest in the outcome of the underlying case"); *see also Culliver v. Ctr. for Toxicology & Env't Health LLC*, No. 3:21-CV-4942-MCR-GRJ, 2022 WL 475185, at *4 (N.D. Fla. Feb. 16, 2022).

Zoho's requested discovery concerns records generated in connection with TrustWrx's efforts to commercialize, license, and sell the asserted patents. These circumstances, combined with its direct or indirect financial interest in the outcome of the underlying litigation, further support the proportionality of Zoho's requests.

**B. <u>TrustWrx Must Produce Responsive Documents Concerning the Asserted Patents, or Explain Why No Such Documents Exist</u>**

Zoho's subpoena seeks documents concerning the asserted patents. TrustWrx denies any interest in or license to the asserted patents and says no responsive documents exist:

| No. | Document Request | TrustWrx Excerpted Response |
|---|---|---|
| 6 | Any agreement assigning You any ownership interest in or license to the Patents-in-Suit, and all related agreements, drafts, and any documents showing consideration. | TrustWrx states that it has never owned the Patents-in-Suit, and no agreement has ever assigned TrustWrx any ownership interest in or license to the Patents-in-Suit. Accordingly, TrustWrx has no documents responsive to this Request. |
| 13 | All documents related to any of the Patents-in-Suit. | TrustWrx states that it has never owned the Patents-in-Suit. After a reasonable search, TrustWrx has not located any documents responsive to this Request. |
| 17 | All documents and communications concerning any license, assignment, or efforts to license or assign rights in the patents. | TrustWrx states that it has never owned the Patents-in-Suit and has never licensed or assigned, or attempted to license or assign, any rights in the Patents-in-Suit to anyone. After a reasonable search, TrustWrx has not located any documents responsive to this Request. |
| 20 | All communications with George Sidman, WebLOQ, Anon-X, or Knossos concerning the patents, their subject matter, accused Zoho products, or the litigation. | TrustWrx has not located any documents responsive to this Request. |
| 23 | Documents sufficient to show any financial interest You have in any of the Patents-in-Suit. | TrustWrx states that it has never owned the Patents-in-Suit and has no financial interest in the Patents-in-Suit. Accordingly, |

| | | |
|---|---|---|
| | | TrustWrx has no documents responsive to this Request. |
| 24 | Documents sufficient to show any financial interest You have in the Action. | TrustWrx states that it has no financial interest in the Action, and therefore no responsive documents exist. |
| 29 | All documents relating to whether You, or any licensee or other person, made, used, sold, offered for sale, or marked any product or service embodying or practicing any claim of any of the Patents-in-Suit. | TrustWrx has no documents responsive to this Request. |

TrustWrx's representations cannot be reconciled with the documentary record. TrustWrx represents that it has no financial interest in the asserted patents or the outcome of the underlying case, yet its bank information is listed on the agreement assigning the patents to Knossos:

**PAYMENT INSTRUCTIONS**

**Assignor**

| | |
|---|---|
| Bank Name: | Tri Counties Bank |
| Bank Address: | 709 Sutton Way, Grass Valley, CA 96945 |
| Account Name: | TrustWrx, Inc. |
| ABA/Routing#: | 121135045 |
| Account Number: | [redacted] |
| Account Holder Address: | 18269 Hummingbird Drive, Penn Valley, CA 95946 |
| Account Holder Phone #: | 831 601-1776 |
| Email: | sidman@anon-x.com |

Ex. A at 11 (annotation added). TrustWrx represents it has no documents related to the asserted patents and no license to the asserted patents, yet it lists the patents on its own website:




Ex. E at 1 (annotations added). TrustWrx represents that it has never licensed or attempted to license the asserted patents, yet its own newsletters produced by another third party specifically discuss licensing the asserted patents and "TrustWrx Licensees":

**NEWS FLASH…!!** **Google Joins TrustWrx Patent Licensees**

We are very pleased to announce that in June we finalized a patent licensing agreement with Google. They join with Amazon, Apple and Microsoft as licensees of our patents. We informed Google nearly two years ago that a number of their products were infringing our patents. After a great deal of internal patent analysis and pushback, they finally agreed to purchase a license.

Our thanks go to Kirk Anderson of BUDO Law for persistently pursuing these licenses, despite how arduous and long the process can be. Under the terms of the Google license agreement, we are restrained from publicly disclosing the details or dollar amount of the deal. However, this deal brings our total revenue from patent licenses to date to just over $1.6 million. After the lawyers take their bite, we keep approximately 60%.

© 2024 TrustWrx, Inc. 1

Ex. F at 1.

**Patent Licensing Activity**

The revenue from the patent licenses to Amazon and Apple has underwritten our software development to date. We continue to pursue similar licensing opportunities with Microsoft, Google and others. They have proven to be more reticent to enter into settlement discussions, but our attorney is persistent, and we are exploring alternative programs to offer them.

Ex. G at 3.

**NEWS FLASH…!!** **Microsoft Joins TrustWrx Patent Licensees**

We are very pleased to announce that in mid-December, we entered into a patent licensing agreement with Microsoft. They join with Amazon and Apple as licensees of our patents. We informed Microsoft nearly two years ago that a number of their products were infringing our patents. After a great deal of internal patent analysis and pushback, Microsoft finally agreed to purchase a license. These licenses essentially protect them and their subsidiaries from being sued by us for patent infringement.

Our thanks go to Kirk Anderson of BUDO Law for persistently pursuing these licenses, despite how arduous and long the process can be. Under the terms of the Microsoft license agreement, we are restrained from publicly disclosing the details or dollar amount of the deal.

© 2023 TrustWrx, Inc. 1

Ex. H at 1. TrustWrx's newsletters also discuss the sale of the asserted patents through a patent brokerage for "possible litigation settlements" and Knossos's lawsuit against Zoho:

> **New Patent Licensing Program Commences**
>
> After we sold a patent license to Google last year, it was determined that the program under which licenses had been sold to Amazon, Apple and Microsoft and Google had run its course and we needed a different direction. The technologies protected under our two original patents, granted in 2004 and 2012, had been absorbed into our most recent patent, and their only residual value was in possible litigation settlements.
>
> In January we entered into a brokerage agreement with Lou Carboneau of Tangible IP in Seattle. He successfully brokered the sale of the original two patents, held by our subsidiary, Anon-X, to a patent litigation fund. Under that agreement, the fund pays all legal costs for the lawsuits that will hopefully bring infringers to the table to settle. They have now filed their first lawsuit against ZOHO, a billion-dollar office products company, headquartered in India with major operations in the US. ZOHO offers a very successful private email solution that we allege infringes our patents.
>
> © 2025 TrustWrx, Inc. 3

Ex. I at 3.

The requested materials are directly relevant to the underlying litigation. The licensing negotiation communications will illuminate the terms and circumstances of the executed licenses referenced above, including, for example, historical representations concerning the asserted patents, identification of accused products, infringement and noninfringement positions, and invalidity disputes and prior art. Materials TrustWrx prepared for and exchanged with Tangible IP related to the sale of the asserted patents to Knossos are relevant to damages and the valuation of the patents. Any TrustWrx license to the asserted patents or patent-practicing products may also be relevant to damages.

Zoho's discovery is proportional to the needs of the case because it is tailored to specific, identifiable transactions and actions involving the patents asserted against Zoho. Although a third party produced some relevant documents, Zoho has no way of knowing whether additional relevant documents exist.

TrustWrx's production of just two corporate filings, totaling four pages, is plainly inadequate given the substantial evidence of TrustWrx's involvement with the asserted patents and the existence of responsive documents TrustWrx failed to produce. TrustWrx produced none of its newsletters referencing the asserted patents, licensing of the patents, the underlying litigation against Zoho, or its hiring of Tangible IP to sell the patents. Similarly, TrustWrx failed to produce a copy of its website that references the asserted patents.

The Court should compel TrustWrx to produce responsive, nonprivileged documents and communications concerning the asserted patents.

**C. <u>TrustWrx Should Be Required to Certify Under Oath the Completeness of Its Production and Explain Any Missing or Destroyed Documents</u>**

The duty to preserve evidence begins when litigation is pending or reasonably foreseeable. *Micron Tech., Inc. v. Rambus Inc.*, 645 F.3d 1311, 1320–22 (Fed. Cir. 2011).

A court cannot compel a party to produce nonexistent documents, but it may require a subpoena recipient to substantiate the completeness of its production under oath when there are concerns whether the recipient conducted a diligent search. *See Edwards v. Dwyer*, No. 1:06-CV-1 CAS, 2012 WL 75335, at *2 (E.D. Mo. Jan. 10, 2012) ("the Court has concerns as to whether the MDOC conducted a diligent search of its records for documents responsive to the Rule 45 subpoena," and thus "will require Mr. Lombardi to file either an affidavit or a declaration signed by him under penalty of perjury pursuant to 28 U.S.C. § 1746, to certify that the MDOC does not have any of the documents subpoenaed by plaintiff."); *see also ORIX USA Corp. v. Armentrout,* No. 3:16-MC-63-N-BN, 2016 WL 4095603, at *6 (N.D. Tex. Aug. 1, 2016).

TrustWrx's failure to produce relevant materials that exist raises substantial questions about the adequacy of its searches and document preservation. TrustWrx's newsletters contemplated selling the patents for "possible litigation settlements" and specifically reference the underlying lawsuit against Zoho. Ex. I at 3. These responsive materials are less than three years old. Given its subsidiary's financial stake in the litigation and its own involvement with the asserted patents, TrustWrx had a duty to preserve all relevant documents once litigation was reasonably foreseeable. *See Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 991 (N.D. Cal. 2012).

The Court should require TrustWrx to provide a sworn declaration identifying the custodians and repositories searched. TrustWrx should also be required to identify whether responsive documents were lost or destroyed, when that occurred, and what preservation or retention practices applied. These facts are necessary to evaluate the completeness of TrustWrx's production and whether further relief may be warranted.

### D. TrustWrx Must Provide Testimony Regardless of Mr. Sidman's Separate Individual Deposition

TrustWrx refuses to make its corporate representative, Mr. Sidman, available for separate corporate testimony because Zoho has requested his individual deposition as a named inventor.

That position improperly conflates three distinct examinations: (1) Zoho's deposition subpoena for corporate testimony of TrustWrx; (2) Zoho's separately noticed deposition of Anon-X; and (3) Mr. Sidman's individual deposition related to his firsthand knowledge of conception, inventive contributions, reduction to practice, prosecution, and other circumstances relevant to validity and priority.

Courts have recognized that a witness may be examined in both individual and corporate capacities. *See Karnoski v. Trump*, No. C17-1297 MJP, 2020 WL 2800609, at *2 (W.D. Wash. May 29, 2020) ("the fact that a party has already taken depositions of individuals does not insulate a corporation from producing the same individuals as corporate representatives to give Rule 30(b)(6) depositions on the same topics") (citing *Landmark Screens, LLC v. Morgan, Lewis & Bockius LLP*, No. C08-02581 JF(HRL), 2010 WL 3221859, at *2 (N.D. Cal. Aug. 13, 2010)); *see also Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-cv-33-JRG-RSP (E.D. Tex. May 21, 2015) (granting motion for additional deposition time because "[t]he Court having determined that the deponent was properly noticed for both an individual deposition and a Rule 30(b)(6) deposition, Defendants should not have unilaterally terminated the deposition after 7 hours under Rule 30(d)(1).") (Order attached as Ex. L).

Zoho should not be required to compress distinct corporate and inventor examinations into a single seven-hour session simply because TrustWrx selected the inventor as its representative. *See* Fed. R. Civ. P. 30(d)(1) advisory committee's note to 2000 amendment ("For purposes of this durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition."). Indeed, Zoho is willing to complete all three examinations over two days, rather than insist upon the full seven hours ordinarily available for each separately noticed deposition.

The Court should compel TrustWrx to provide a corporate designee for a corporate deposition, separate from Mr. Sidman's individual deposition.

## V. RELIEF SOUGHT

Zoho respectfully requests that the Court enter an order: (1) compelling TrustWrx to produce all responsive and nonprivileged documents; (2) requiring TrustWrx to provide a sworn declaration identifying the custodians and repositories searched, and records known to have been lost or destroyed; (3) requiring TrustWrx to identify the disposition of records it cannot produce, consistent with Instruction No. 7 of Zoho's document subpoena; (4) compelling TrustWrx to provide a corporate representative for a separate corporate deposition on the noticed topics, without conditioning such testimony on the combination of that deposition with Mr. Sidman's individual deposition; and (5) granting such other relief as the Court deems just and appropriate.

Dated: November 2, 2026

Respectfully submitted,

MARTON RIBERA SCHUMANN & CHANG LLP

By: */s/ Phillip J. Haack*
Phillip J. Haack

Attorneys for Movant
ZOHO CORPORATION PVT. LTD.