# Exhibit B

# UNITED STATES DISTRICT COURT

for the

Eastern District of Texas

Knossos Global Systems LLC
*Plaintiff*
v.
Zoho Corporation Pvt. Ltd.
*Defendant*

Civil Action No. 2:25-cv-00414-JRG-RSP

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: TrustWrx, Inc., 18269 HUMMINGBIRD DRIVE, PENN VALLEY, CA 95946
c/o Registered Agent: HARVARD BUSINESS SERVICES, INC., 16192 COASTAL HWY, LEWES, DE 19958

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Veritext Sacramento<br>1 Capitol Mall, Suite 240Sacramento, CA 95814(or as otherwise agreed) | Date and Time:<br>10/06/2026 10:00 am |
|---|---|

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/18/2026

*CLERK OF COURT*

OR

/s/ Ryan Marton

*Signature of Clerk or Deputy Clerk* — *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Zoho Corporation Pvt. Ltd. , who issues or requests this subpoena, are:

Ryan Marton, Marton Ribera Schumann & Chang LLP, 548 Market St., Ste. 36117, SF, CA 94104, 415-360-2511 ryan@martonribera.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:25-cv-00414-JRG-RSP

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________

on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________________

______________________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________________

______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

The following definitions shall apply to the document requests that follow:

1. "TrustWrx," "You," or "Your" means TrustWrx, Inc., its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, including without limitation, and each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any of these capacities during any relevant time period.

2. "Anon-X" means Anon-X, Inc., its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, including without limitation, and each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any of these capacities during any relevant time period.

3. The term "Sidman" shall mean the natural person, George Sidman.

4. "Plaintiff" or "Knossos," shall mean Plaintiff Knossos Global Systems, LLC, and any of its officers, directors, employees, representatives, consultants, agents, servants, employees, attorneys, accountants, or any person who served in any such roles at any time, as well as corporate parents, subsidiaries, affiliates, divisions, predecessor companies or proprietorships, predecessors-in-interest, or other persons acting on its behalf.

5. "Tangible IP" means Tangible IP, LLC, its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, including without limitation, and each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any

of these capacities during any relevant time period.

6. "WebLOQ" means WebLOQ, Inc.

7. "WebLOQ Product" means the LOQMail and MaiLOQ product lines, including without limitation any related business, product, service, or patented technology.

8. The term "Sidman Entities" shall mean Monterey Network Center, Privato Security, LLC, WebLOQ, Inc., Anon-X, Inc., and TrustWrx, Inc., and each of their respective officers, directors, employees, agents, representatives, predecessors, successors, and affiliates.

9. "Defendant" or "Zoho" shall mean Defendant Zoho Corporation Private Limited.

10. "Action" shall mean the lawsuit filed by Plaintiff against Defendant in the United States District Court for the Eastern District of Texas, Civil Case No. 2:25-cv-00414-JRG-RSP.

11. "Patents-in-Suit" means U.S. Patent Nos. 8,819,410 (the "'410 Patent")[1] and 8,266,421 (the "'421 Patent")[2].

12. "License" shall include licenses to, sublicenses to, interests in, rights in, options to license, an agreement providing or limiting an amount of money that a party may be obligated to pay, and covenants not to sue over the subject matter of any Patent-in-Suit, or patents or applications related to any Patent-in-Suit, as well as offers or requests to grant such license.

13. "Prior Art," for purposes of these document requests, shall mean all things, patents, publications, disclosures, sales, or other acts or occurrences included within the broadest meaning of 35 U.S.C. § 102 (or any subpart thereof) and 35 U.S.C. § 103, and all things, patents, publications, disclosures, sales, or other acts or occurrences that any person or

[1] Available at https://patents.google.com/patent/US8819410B2/en.
[2] Available at https://patents.google.com/patent/US8266421B2/en.

entity has identified as "prior art" or as relevant to the invalidity of the patent identified in the relevant request.

14. "Former WebLOQ Shareholder" shall have the same meaning as used in the Stipulation of Settlement in *Privato Security, LLC, et al. v. George Sidman, et al.*, Monterey County Superior Court Case No. M123260.

15. "Settlement" means the settlement of Case No. M123260 pursuant to which, among other things, certain intellectual-property rights were transferred to Anon-X and shares of Anon-X were distributed to certain Former WebLOQ Shareholders.

16. "Stipulation of Settlement" means the Stipulation of Settlement filed December 8, 2015 in *Privato Security, LLC, et al. v. George Sidman, et al.*, Monterey County Superior Court Case No. M12326.

17. "Knossos Assignment" means the agreement executed by Anon-X and Knossos in March 2025 pursuant to which Anon-X purported to assign the Patents-in-Suit, including all drafts, amendments, schedules, exhibits, side agreements, and related agreements.

18. "Document" or "thing" shall have the same meaning and scope as in Rule 34 of the Federal Rules of Civil Procedure and shall include any written, printed, recorded, or graphic matter that is or has been in your actual or constructive possession or control, regardless of the medium on which it is produced, reproduced, or stored, including, without limitation, anything that can be classified as a "writing," "original," or "duplicate." Any document bearing marks, including, without limitation, initials, stamped indicia, comments or notations not part of the original text or photographic reproduction thereof, is a separate document.

19. The terms "and" and "or" shall be construed conjunctively or disjunctively as

necessary to make the request inclusive rather than exclusive.

20. The terms "any" and "all" shall be construed as "any and all."

21. The terms "each" and "every" shall be construed as "each and every."

22. The term "including" shall not be construed as limiting any request, and shall mean the same as "including, but not limited to."

23. The term "date" shall mean the exact day, month, and year, if ascertainable, or if not, the best approximation thereof.

24. The term "person" shall include, without limitation, natural persons, corporations, partnerships, business trusts, associations, and businesses or other entities, and any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

25. The term "communication" shall include, without limitation, any written or oral communication, including any conversation in person, by telephone, or by any other means. A document or thing transferred, whether temporarily or permanently, from one person to another shall be deemed to be a communication between such persons whether or not such document or thing was prepared or created by the transferor or addressed to the transferee.

26. References to any natural person shall include, in addition to the natural person, any agent, employee, representative, attorney, or principal thereof.

27. References to any entity shall include, in addition to the entity, any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

28. The terms "relating to," "related to," "relate(s) to," "pertaining to," or

"pertain(s) to" a given subject shall mean directly or indirectly concerning, constituting, containing, embodying, evidencing, showing, comprising, reflecting, identifying, illustrating, stating, referring to, dealing with, commenting on, responding to, describing, involving, mentioning, discussing, recording, supporting, or negating such subject.

29. The use of the term "the" shall not be construed as limiting the scope of any request.

30. The use of the singular shall also include the plural, and vice-versa.

**INSTRUCTIONS**

The following instructions apply to answering the document requests below:

1. In answering the following document requests, furnish all available information in your possession, custody or control, including information in the possession, custody, or control of any of your agents, employees, representatives, attorneys, or persons under your control, who have the best knowledge, and not merely information known to you based on your own personal knowledge.

2. Electronically stored information, including any electronic records and computerized information must be produced in an intelligible format, or in a format that may be agreed to by the parties, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible.

3. Selection of documents from the files and other sources and the numbering of such documents shall be performed in such a manner as to ensure that the source of each document may be determined, if necessary.

4. File folders with tabs or labels, or directories of files identifying documents, must be produced intact with such documents.

5. Documents attached to each other shall not be separated.

6. If any information requested is claimed to be privileged, immune from discovery or otherwise not discoverable, please provide all information falling within the scope of the document request which is discoverable, and for each item of information contained in a document to which a claim of privilege is made, identify such document with sufficient particularity for purposes of a motion to compel, such identification to include at least the following:

a. the basis on which the privilege is claimed;

b. the names and positions of the author of the document and all other persons participating in the preparation of the document;

c. the name and position of each individual or other person to whom the document, or a copy thereof, was sent or otherwise disclosed;

d. the date of the document;

e. a description of any accompanying material transmitted with or attached to such document;

f. the number of pages in such document;

g. the particular document request to which such document is responsive; and

h. whether any business or non-legal matter is contained or discussed in such document.

7. If your response to a particular document request is a statement that you lack the ability to comply with that document request, you must specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has

been lost, misplaced, or stolen, or has never been, or is no longer, in your possession, custody, or control, in which case the name and address of any person or entity known or believed by you to have possession, custody, or control of that information or category of information must be identified.

8. If you contend certain requests require disclosure and production of trade secret or other confidential research, development, or commercial information, that cannot otherwise be produced under the terms of a protective order entered in the Action, please state as such.

## DOCUMENT REQUESTS

1. Documents sufficient to identify Your owners, members, officers, and directors, and any person with control over the Patents-in-Suit.
2. A copy of any agreements between you and Anon-X.
3. A copy of any agreements between You and Sidman.
4. A copy of any agreements between You and Knossos.
5. A copy of any agreements between You and Tangible IP.
6. Any agreement assigning You any ownership interest in or license to the Patents-in-Suit, and all related agreements, drafts, and any documents showing consideration.
7. Any agreement assigning any of the Patents-in-Suit to Knossos, and all related agreements, drafts, and any documents showing consideration.
8. All communications between You and Tangible IP or any person acting on its behalf.
9. All documents and communications relating to marketing, offering for sale, or soliciting buyers or licensees for any of the Patents-in-Suit.
10. All offers, term sheets, letters of intent, and NDAs with prospective buyers or licensees of any of the Patents-in-Suit, including Knossos.
11. All valuations, appraisals, and royalty or damages analyses of any of the Patents-in-Suit.
12. A copy of any agreements related to any Sidman Entities.
13. All documents related to any of the Patents-in-Suit.

14. All communications with any other Sidman Entity.

15. A copy of any agreements relating to any Patent-in-Suit.

16. All documents concerning the value of any technology, product, or service related to any of the Patents-in-Suit.

17. All documents and communications related to any License or assignment of, or any efforts to license or assign, any rights in any of the Patents-in-Suit.

18. All documents that refer or relate to the Action, including all communications between You and any person relating to the Action.

19. All documents that refer or relate to Zoho, including all communications between You and any person relating to Zoho.

20. All communications between You and George Sidman, WebLOQ, Inc., Anon-X, or Knossos regarding the Patents-in-Suit, their subject matter, any Zoho product accused of infringement, or this Action.

21. All documents relating to any prior art to any of the Patents-in-Suit of which You are aware, and the circumstances of Your first awareness of each item of prior art.

22. All documents relating to the validity, enforceability, or infringement of any of the Patents-in-Suit, including any claim chart, evidence-of-use analysis, infringement or non-infringement analysis, and any list or identification of products, services, companies, or persons that You, or any person acting on Your behalf, identified as practicing, infringing, or potentially infringing any of the Patents-in-Suit.

23. Documents sufficient to show any financial interest You have in any of the Patents-in-Suit.

24. Documents sufficient to show any financial interest You have in the Action.

25. Documents sufficient to show any license You have in any of the Patents-in-Suit.

26. All documents relating to any right, interest, or control retained, reserved, or granted back to You, Sidman, or any other Sidman Entity in connection with the assignment of any of the Patents-in-Suit to Knossos, including any license, covenant not to sue, reversionary interest, or right to participate in or control the enforcement, licensing, or settlement of any of the Patents-in-Suit.

27. Financial statements, tax returns, and bank records sufficient to show whether TrustWrx was an operating business or a holding entity.

28. Documents relating to any security interest, lien, or encumbrance on the Patents-in-Suit.

29. All documents relating to whether You, or any licensee or other person, made, used, sold, offered for sale, or marked any product or service embodying or practicing any claim of any of the Patents-in-Suit.

30. Document-retention policies and documents sufficient to identify custodians and storage systems.

31. Any articles of incorporation for TrustWrx, including every amendment, restatement, certificate, or other document modifying the articles from TrustWrx's formation through the present.

32. All versions of TrustWrx's bylaws in effect from TrustWrx's formation through the present.

33. All shareholder agreements, voting agreements, proxies, voting trusts, stock restrictions, investor agreements, or other agreements governing voting rights, transfer rights, or approval of transactions by TrustWrx shareholders.

34. Documents sufficient to identify each person who has served as a director or officer of TrustWrx, the position held, and the dates of service.

35. TrustWrx's complete stock ledger, capitalization table, shareholder register, and records of issued and outstanding shares from TrustWrx's formation through the present, including historical versions reflecting any changes in ownership.

36. Documents sufficient to show, for each person issued TrustWrx shares pursuant to the Settlement: (a) the shareholder's identity; (b) the number and class of shares issued; (c) the shareholder's percentage ownership of Anon-X; and (d) the date the shares were issued.

37. All documents used to calculate the number or percentage of TrustWrx shares issued to each Former WebLOQ Shareholder pursuant to the Settlement, including spreadsheets, worksheets, formulas, schedules, allocation tables, and calculations of "adjusted pro rata interest."

38. Documents sufficient to identify each Former WebLOQ Shareholder who was not issued TrustWrx shares following the Settlement and, for each such person, the historical WebLOQ ownership interest attributed to that person in the records used by TrustWrx or the Claims Administrator of the Settlement as the term is defined and used in the Stipulation of Settlement.

39. All documents and correspondence concerning claims submitted by Former WebLOQ Shareholders for entitlement to TrustWrx shares.

40. Documents sufficient to identify every person and shareholder TrustWrx considered entitled to vote concerning the Knossos Assignment, together with the number and percentage of votes TrustWrx attributed to each such person or shareholder.

41. All communications from formation through the present in which any person questioned, disputed, or discussed the accuracy or completeness of TrustWrx's stock ledger, capitalization table, shareholder population, or shareholder percentages.

42. All minutes, resolutions, written consents, meeting materials, agendas, notices, presentations, and other documents reflecting consideration or approval of the Knossos Assignment.

43. Documents sufficient to establish the identity of each shareholder participating in any consideration or approval of the Knossos Assignment, how each shareholder voted, and whether a quorum was present.

44. Documents sufficient to show TrustWrx's involvement in or approval of the Knossos Assignment.

45. Documents sufficient to show whether TrustWrx sought or obtained shareholder approval of the Knossos Assignment, including documents reflecting any determination that shareholder approval was unnecessary.

46. TrustWrx's annual and quarterly balance sheets, income statements, profit-and-loss statements, and statements of assets and liabilities from formation through present, separately identifying revenue attributable to licensing or enforcement of the Patents-in-Suit.

47. Documents sufficient to identify every asset owned by TrustWrx immediately before the Knossos Assignment and the value attributed by TrustWrx to each asset.

48. Documents sufficient to show authorization for You to use TrustWrx's name and bank account information in the Knossos Assignment.