# Exhibit D

Outlook

## Re: Knossos v. Zoho: Objections to Anon-X, Inc., TrustWrx, and George Sidman subpoenas

**From** Tecuan Flores <Tecuan@martonribera.com>
**Date** Wed 10/7/2026 3:38 PM
**To** Andrew Gordon-Seifert <andrew@rhmtrial.com>; Corby Vowell <corby@rhmtrial.com>; Jim McDonough <jim@rhmtrial.com>; Jonathan Hardt <hardt@rhmtrial.com>; C. Matthew Rozier <matt@rhmtrial.com>; Service <service@rhmtrial.com>
**Cc** Hector Ribera <hector@martonribera.com>; Joseph Gray <Joey@martonribera.com>; Carolyn Chang <carolyn@martonribera.com>; Valerie Barker <Valerie@martonribera.com>; Phil Haack <phaack@martonribera.com>; Ryan Marton <ryan@martonribera.com>

Andrew,

We write regarding Zoho's subpoenas to Anon-X and TrustWrx. Please provide responses to the below-identified issues by Friday, October 9.

**Anon-X**

**August 6 subpoena:** Anon-X has produced 11 documents in total, which include 4 executed patent license agreements and pre-suit correspondence with Zoho. Anon-X has not produced the related communications and materials concerning its efforts to solicit other licensees, including correspondence with the parties that ultimately entered into the produced license agreements or with parties that declined to do so. That omission is difficult to reconcile with Anon-X's production of comparable pre-suit correspondence with Zoho. Anon-X likewise has failed to produce materials concerning its efforts to market and sell the asserted patents. Anon-X used Tangible IP to broker the sale of its patents, and Mr. Sidman publicly stated: "We [Anon-X] are pleased to have collaborated with Tangible IP as they understood the value of the portfolio and were able to effectively communicate that to their network of buyers." https://tangibleip.biz/11637/news/tangible-ip-announces-the-sale-of-private-email-domain-patent-portfolio This statement confirms information regarding the asserted patents was communicated to Tangible IP and its network of prospective buyers.

In its September 8 objections and responses, Anon-X stated that it would produce non-privileged responsive documents to requests 1–15, 17, 19, 22–25, 27 and 28 that it has located or is able to locate. Anon-X stated that it has not located any nonprivileged responsive documents to requests 18 and 20. Please confirm (1) whether Anon-X's searches are complete; (2) whether the production is complete; and (3) whether any responsive documents are being withheld or were excluded from the search based on Anon-X's objections. *See* FRCP 34(b)(2)(C); *R2 Sols. LLC v. Databricks, Inc.*, No. 4:23-CV-1147, 2025 WL 1668215, at *2 (E.D. Tex. June 12, 2025).

Regarding request 29, Anon-X only provides a partial response that it "has no documents reflecting document-retention or destruction policies," ignoring the latter half of the request for "documents sufficient to identify custodians and storage systems." This request is particularly relevant given the lack of production.

On September 10, we noted the incompleteness of Anon-X's production and requested a date certain by which responsive documents would be produced. Please provide a date certain when Anon-X will produce responsive documents.

**September 18 supplemental subpoena:** Anon-X refuses to search and produce documents in response to Zoho's first supplemental document requests 30–51 based on various objections.

Anon-X objects to most requests as irrelevant — e.g., "This is a patent infringement action. The claims and defenses concern whether Zoho infringes the Patents-in-Suit, whether the Patents-in-Suit are valid, and any resulting damages. A non-party's internal corporate deliberations have no bearing on any of those issues." These requests are related to at least damages. Knossos identifies Anon-X as its predecessor-in-interest and relies on Anon-X's September 4, 2020 letter to establish the beginning of its pre-suit damages period. Whether that letter constitutes notice under § 287 necessarily depends, among other things, on Anon-X's status and rights in the asserted patents when the letter was sent. Discovery concerning when, how, and on what terms Anon-X acquired the asserted patents is therefore directly relevant to Knossos's claimed damages.

Anon-X also objects to most requests and unduly burdensome for a non-party — e.g., "Anon-X is a non-party to this litigation and objects that this Request seeks information that is not relevant to any party's claim or defense and is disproportionate to any legitimate need, particularly as directed to a non-party witness." Anon-X is an interested third party with a financial interest in the outcome of this litigation. Courts recognize that Rule 45's protections are viewed differently where the subpoena recipient has a significant connection to the underlying dispute and a financial or reputational interest in its outcome. *See In re Guriev*, No. 25-CV-20896, 2025 WL 3280355, at *2 (explaining that the protection of Rule 45 are "unwarranted if a non-party is not truly disinterested."); *Culliver v. Ctr. for Toxicology & Env't Health LLC*, No. 3:21-CV-4942-MCR-GRJ, 2022 WL 475185, at *4 (N.D. Fla. Feb. 16, 2022) ("The courts view Rule 45's prohibition against unduly burdening a non-party through a different lens when the non-party is not truly disinterested."); *Cornell v. Columbus McKinnon Corp.*, No. 13-CV-02188-SI, 2015 WL 4747260, at *5 (N.D. Cal. Aug. 11, 2015) ("The Rule is aimed at protecting persons who are disinterested, and thus have little to gain from their outlays in compliance cost"); *Wells Fargo Bank, N.A. v. Konover*, 259 F.R.D. 206, 207 (D. Conn. 2009) ("The Court need not reach this last point for it finds that KFLP is not a truly disinterested party entitled to invoke the protections of Rule 45.").

Anon-X further objects on the basis of confidentiality — e.g., "Anon-X further objects that this Request seeks confidential commercial information and private information of non-party shareholders"; "Anon-X further objects that this Request seeks the private personal information of non-parties." Anon-X's confidentiality objections do not provide a basis to withhold relevant discovery. The Protective Order should address any legitimate confidentiality concerns. *See, e.g., Diamond Consortium Inc. v. Manookian*, No. 4:17-MC-00002, 2017 WL 699052, at *2 (E.D. Tex. Feb. 22, 2017) (denying motion to quash third party subpoena and finding the protective order adequately protected nonparty proprietary and confidential commercial information). Anon-X has not identified any harm that would result from producing the requested materials under the Protective Order, or explained why the Protective Order is inadequate. Generalized assertions that the requested information is "private" or "confidential" do not justify complete withholding of documents. *See In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998); *FieldTurf USA, Inc. v. Tencate Thiolon Middle E., LLC*, No. 4:11-CV-050-TWT, 2012 WL 844671, at *2 (W.D. Tex. Mar. 12, 2012) (finding the subpoenaed party bears the burden of showing that the information is a trade secret and that disclosure would be harmful and "conclusory allegations are not sufficient to meet the burden").

Anon-X's generalized overbreadth objections also do not justify its categorical refusal to search for or produce responsive documents — e.g., "Anon-X objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly as directed to a non-party entity that is not a party to this litigation." A party resisting discovery must specifically identify how the particular request is overly broad or burdensome. Merely characterizing a request as "overly broad" is insufficient. *INTELLECTUAL VENTURES I LLC v. AMERICAN AIRLINES, INC.*, No. 4:24-CV-980, 2026 WL 2720522, at *5 (E.D. Tex. Sept. 15, 2026). Anon-X should identify the particular aspect of each request it contends is overly broad and produce documents responsive to the undisputed portion of the request. Zoho is willing to discuss appropriate narrowing of its requests.

Please confirm (1) whether Anon-X will search and produce responsive documents to supplemental document requests 30–51; and (2) whether Anon-X is withholding any responsive documents based on its objections.

**<u>TrustWrx</u>**

Zoho's requests seek documents regarding TrustWrx's rights in and use of the patented technology. For example, request 6 requests "Any agreement assigning You any ownership interest in or license to the Patents-in-Suit, and

all related agreements, drafts, and any documents showing consideration." Request 13 seeks "All documents related to any of the Patents-in-Suit." Request 29 requests "All documents relating to whether You, or any licensee or other person, made, used, sold, offered for sale, or marked any product or service embodying or practicing any claim of any of the Patents-in-Suit." TrustWrx responds that it has no documents responsive to these requests.

TrustWrx lists the asserted on its website: https://suprnets.com/ ("US Patents 8,266,421 · 8,819,410 · 12,041,168 · 12,494,911 – and patents pending.") ("SuprNets.com · A TrustWrx technology · +1.831.601.1776 · © 2026 TrustWrx, Inc."). And TrustWrx is listed on the "Assignor" page in Exhibit C of the Knossos assignment agreement., which suggests interest in or license to use the asserted patents. Please confirm whether TrustWrx will provide responsive documents to the above-enumerated requests.

Request 18 requests "All documents that refer or relate to the Action, including all communications between You and any person relating to the Action," and request 20 requests "All communications between You and George Sidman, WebLOQ, Inc., Anon-X, or Knossos regarding the Patents-in-Suit, their subject matter, any Zoho product accused of infringement, or this Action." TrustWrx responds that it has not located any documents responsive to these Requests. In response to request 24, "TrustWrx states that it has no financial interest in the Action." These responses are difficult to reconcile with TrustWrx being listed as the "Assignor" and payee in Exhibit C of the Knossos assignment agreement. Please confirm that TrustWrx will provide responsive documents related to its interest in this case.

Finally, please confirm whether TrustWrx is withholding responsive documents based on its objections.

Regards,

Tecuan

---

**From:** Andrew Gordon-Seifert <andrew@rhmtrial.com>
**Sent:** Monday, October 5, 2026 8:38 PM
**To:** Tecuan Flores <Tecuan@martonribera.com>; Corby Vowell <corby@rhmtrial.com>; Jim McDonough <jim@rhmtrial.com>; Jonathan Hardt <hardt@rhmtrial.com>; C. Matthew Rozier <matt@rhmtrial.com>; Service <service@rhmtrial.com>
**Cc:** Hector Ribera <hector@martonribera.com>; Joseph Gray <Joey@martonribera.com>; Carolyn Chang <carolyn@martonribera.com>; Valerie Barker <Valerie@martonribera.com>; Phil Haack <phaack@martonribera.com>; Ryan Marton <ryan@martonribera.com>
**Subject:** Knossos v. Zoho: Objections to Anon-X, Inc., TrustWrx, and George Sidman subpoenas

Counsel:

Attached please find the objections and responses to Zoho’s subpoenas to Anon-X, TrustWrx, and George Sidman.

Best,

Andrew

**Andrew Gordon-Seifert**
**Rozier Hardt McDonough PLLC**
401-954-7420
andrew@rhmtrial.com
rhm. ROZIER HARDT McDONOUGH PLLC